# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEVIN M. KELSAY,**

                    **Appellant,**

                    **Case No. 06-C-992**

     **-vs-**

**OFFICE OF LAWYER REGULATION,**

                    **Appellee.**

## DECISION AND ORDER

Kevin Kelsay ("Kelsay") has appealed the decision of the bankruptcy court dismissing his adversary complaint against the Office of Lawyer Regulation ("OLR"). His timely notice of appeal was filed on September 21, 2006. However, Kelsay has failed to pay the $250.00 docketing fee for a bankruptcy appeal and instead filed a motion to proceed *in forma pauperis* (IFP) on appeal.[1] Kelsay seems to be under the impression that recent amendments to the bankruptcy code, via the Bankruptcy Abuse Prevention and Consumer Prevention Act ("BAPCPA"), are applicable to his case.[2] However, while this adversary proceeding was filed after the effective date of the BAPCPA (October 17, 2005), *see* Pub. L. 109-8, Kelsay's underlying Chapter 7 proceeding was not. *See* Bankruptcy Petition # 05-35451, *In re Kevin Mark Kelsay*, filed September 12, 2005. Therefore, the amendments are not applicable to this action. *See Pension Transfer Corp. v. Beneficiaries Under the Third Amendment to Fruehauf Trailer Corp. Retirement Plan No. 003 (In re Fruehauf Trailer Corp.)*, 444 F.3d 203, 210 n.4 (3d

---

[1] Kelsay has paid the $5.00 fee required to file a notice of appeal.

[2] Under the amended version of Bankruptcy Rule 1006(c), the court may waive an appellate filing fee under 28 U.S.C. § 1930(f).

Cir. 2006) (since issues involved in the adversary proceeding will be issues spawning from the main bankruptcy case, the law governing that main bankruptcy case will govern the adversary proceeding).

The law regarding IFP status on appeal from a bankruptcy proceeding (prior to the BAPCPA) is unsettled. *Compare Heghmann v. Indorf, et al. (In re Heghmann)*, 324 B.R. 415 (2005), *In re Perroton*, 958 F.2d 889, 895-96 (9th Cir. 1992). Even in cases allowing courts discretion to grant IFP status in such cases, a court's discretion is limited to determinations of poverty and objective good faith. *See Heghmann*, 324 B.R. at 420. In other words, determining whether an application to proceed IFP on appeal should be granted turns on two factors: (1) a showing by affidavit that the applicant is unable to pay the filing fees, and (2) a showing that the proposed proceedings are not frivolous or malicious. *See In re CK Liquidation Corp.*, 339 B.R. 283, 292 (D. Mass. 2006) (quoting *Heghmann* at 420).

In reviewing the affidavit submitted by the appellant, the Court finds that he has failed to demonstrate that he is unable to pay the $250.00 docketing fee. Kelsay has $3,000 in net monthly income. While Kelsay complains that "my expenses . . . always seem to outpace what I earn, no matter how frugal my lifestyle," Kelsay will have to be more frugal. (*See* Docket # 1-2, IFP Petition, Addendum p. 2). Kelsay also complains about $600.00 in "estimated" transcript costs, but provides no basis for this estimation. Once again, Kelsay has enough liquid income to cover such costs, even assuming that his estimation is accurate.

Therefore, **IT IS HEREBY ORDERED THAT** Kelsay shall submit the $250.00 docketing fee on or before **November 3, 2006**. Failure to pay the docketing fee on or before November 3 shall result in the dismissal of this action without prejudice.

The Court directs the parties' attention (particularly the plaintiff) to Fed. R. Bankr. P. 8006, which provides guidelines for designating the record on appeal. While the ten-day period referenced in Rule 8006 normally runs from the date the notice of appeal is filed, in this case, it will run from the date (if any) that Kelsay pays the full balance of his filing fee. The briefing schedule will run according to Fed. R. Bankr. P. 8009.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**